**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>BENITO VASQUEZ,</td><td>No. 09-35480</td></tr>
<tr><td>Plaintiff–Appellant,</td><td>D.C. No. 07-CV-5576-BHS</td></tr>
<tr><td>v.</td><td></td></tr>
<tr><td>KITSAP COUNTY,</td><td>MEMORANDUM*</td></tr>
<tr><td>Defendant,</td><td></td></tr>
<tr><td>and</td><td></td></tr>
<tr><td>KITSAP COUNTY TRANSIT,</td><td></td></tr>
<tr><td>Defendant–Appellee.</td><td></td></tr>
</table>

Appeal from the United States District Court
For the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted April 8, 2010
Seattle, Washington

Before: HAWKINS, LUCERO,** and N.R. SMITH, Circuit Judges.

_____

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

** The Honorable Carlos F. Lucero, Circuit Judge for the Tenth Circuit,
sitting by designation.

Benito Vasquez appeals the district court's grant of summary judgment in favor of his former employer, Kitsap Transit.[1]  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

In 2004, Vasquez filed a charge against his then-employer Kitsap Transit with the Equal Employment Opportunity Commission ("EEOC").  After the EEOC dismissed this charge, Vasquez filed suit in federal district court asserting claims against Kitsap Transit and other defendants based in part on an "assault and battery" he claimed occurred at his workplace.[2]  During discovery, Kitsap Transit obtained a "REPORT" written by Vasquez in which he threatened other employees and alleged a separate sexual assault by coworkers.  Vasquez reiterated these threats during a court-ordered conference call.  Kitsap Transit was unable to verify Vasquez's allegations of battery and sexual assault, but did discover information suggesting Vasquez had submitted false information on his employment application.  Kitsap Transit terminated Vasquez's employment in March 2006.

Approximately twenty months later, Vasquez again filed suit in federal court alleging, among other claims,[3] retaliatory termination in violation of Title VII of the Civil Rights Act of 1964.  The district court granted summary judgment in

---

[1] Vasquez captioned his complaint naming "Kitsap County Transit" as defendant.  We refer to defendant by its proper name, Kitsap Transit.

[2] This lawsuit was ultimately dismissed.

[3] These other claims were later dismissed.

favor of Kitsap Transit on the retaliation claim, concluding Kitsap Transit had provided legitimate, non-retaliatory reasons for discharging Vasquez, and Vasquez had failed to demonstrate these reasons were pretextual. Vasquez appeals this determination.

We review a district court's grant of summary judgment de novo. EEOC v. Luce, Forward, Hamilton & Scripps, 345 F.3d 742, 746 (9th Cir. 2003). If a plaintiff in a retaliatory termination suit establishes a prima facie case of retaliation, "the burden of production shifts to the employer to present legitimate reasons for the [discharge]." Brooks v. City of San Mateo, 229 F.3d 917, 928 (9th Cir. 2000). "[If] the employer carries this burden, plaintiff must demonstrate a genuine issue of material fact [exists] as to whether the reason advanced by the employer" was a pretext for retaliation. Id.

Kitsap Transit proffered three legitimate, non-retaliatory reasons for terminating Vasquez's employment: (1) Vasquez apparently submitted false information on his employment application;[4] (2) he made threatening statements toward other employees; and (3) he either fabricated or failed to report incidents of misconduct. For substantially the same reasons set forth by the district court, we

---

[4] Vasquez later provided documentation suggesting that his application was accurate, but he did not provide this information to Kitsap Transit before he was terminated.

conclude Vasquez is unable to demonstrate these reasons were pretextual.

Accordingly, summary judgment in favor of Kitsap Transit was proper.

**AFFIRMED**.